FILED

March 17, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:12 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Rebecca Rouillier | ) | Docket No.: 2015-02-0256 |
| Employee, | ) | |
| v. | ) | State File Number: 88043-2014 |
| Hallmark Marketing Corporation | ) | |
| Employer, | ) | Judge Brian K. Addington |
| And | ) | |
| Liberty Mutual Insurance Company | ) | |
| Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER GRANTING
## REQUESTED MEDICAL BENEFITS

This case came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, Rebecca Rouillier, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is Ms. Rouillier's entitlement to medical benefits. The central legal issue is whether Ms. Rouillier is entitled to a second opinion with regard to treatment of her work injury.[1] For the reasons set forth below, the Court finds Ms. Rouillier is entitled to the second opinion.

### History of Claim

Ms. Rouillier is a thirty-four-year-old resident of Washington County, Tennessee. (T.R. 1 at 1.) She testified that she worked for Hallmark Marketing Corporation as a stocker, when on November 3, 2014, she felt a pop in her lower back when she lifted shelving above her head. Ms. Rouillier promptly reported the incident to her manager.

A few days later, Hallmark provided Ms. Rouillier a panel of physicians, and on November 12, 2014, she chose First Assist Urgent Care. (Ex. 3.) Ms. Rouillier testified that when there was an issue with the providers at First Assist Urgent Care seeing her immediately, Hallmark scheduled an appointment with Doctor's Care instead. She went

---

[1] Additional information is attached to this Order as an Appendix.

to Doctor's Care without objection.

The providers at Doctor's Care saw Ms. Rouillier on several occasions. (Ex. 10 at 1-36.) Ms. Rouillier primarily saw nurse practitioner (NP) Karie Dickerson under the supervision of Dr. Erin Bryant. *Id.* The providers diagnosed lumbrosacral back pain. *Id.* at 4. Following a period of physical therapy, Ms. Rouillier underwent the MRI on February 6, 2015; the impression of the radiologist was an "unremarkable lumbar MRI." *Id.* at 23, 99.

Mr. Rouillier returned to Doctor's Care on February 11, 2015, with continued pain, and the providers returned her physical therapy. *Id.* at 17. Following the physical therapy, Ms. Rouillier returned to Doctor's Care on March 23, 2015, and reported some, but not complete, improvement. *Id.* at 33.

Following the examination on March 23, Ms. Rouillier testified NP Dickerson wanted to refer her to an orthopedic specialist. She testified the nurse case manager, Monica Ford, suggested sending her to Watauga Orthopedics or providing a panel of orthopedists.

There are two records from Doctor's Care that address NP Dickerson's referral. The physician notes state, "Will refer to ortho. Adjuster able to schedule an appt. with Dr. Duncan with ortho." *Id.* at 35. In the release form for workers' compensation, the provider checked the box labeled "scheduled for re-evaluation/specialist referral with," and wrote "ortho" beside the box. *Id.* at 36. Hallmark did not provide a panel of physicians but scheduled an appointment with Dr. Richard Duncan at Watauga Orthopedics. Ms. Rouillier did not object to seeing Dr. Duncan.

Ms. Rouillier saw Dr. Duncan once on April 17, 2015. She testified the appointment only lasted twenty minutes, and in her opinion, he did not perform the proper tests to fully address her complaints. Dr. Duncan reviewed the MRI scan and opined, "It shows degenerative changes, mild at 4-5 and 5-1. It looks like there is a sacral arachnoid cyst down at S1 and S2. I do not see any stenosis or herniated disc. This looks pretty normal for age. I also reviewed the report." *Id.* at 87. Dr. Duncan diagnosed degeneration of lumbar or lumbrosacral intervertebral disc, placed Ms. Rouillier at maximum medical improvement (MMI), and requested a functional capacity examination. *Id.* The results of the functional capacity examination indicated Ms. Rouillier could not lift over forty pounds. *Id.* at 92.

Following her visit to Dr. Duncan, Ms. Rouillier she sought a second opinion from Hallmark. Hallmark provided two panels of physicians for a second opinion. One contained Dr. Duncan and Dr. Matthew Hannibal in Boone, N.C. (Ex. 6.) The other contained Dr. Matthew Wood and Dr. Jim Brasfield, both located in Bristol, TN. (Ex. 7.) Ms. Rouillier testified she did not choose a physician from either panel.

2

In an attempt to find pain relief, Ms. Rouillier sought unauthorized medical treatment with Dr. Elizabeth Palmer at Holston Medical Group on April 22, 2015. (Ex. 10 at 101.) Ms. Rouillier complained of low back pain following the incident at work. *Id.* Dr. Palmer diagnosed muscle spasm and SI joint dysfunction and recommended pain management. *Id.* at 103.

Ms. Rouillier saw Dr. Turney Williams on July 21 and August 4, 2015, for pain management. *Id.*, at 109, 112. She underwent a right sacroiliac joint injection on August 4, 2015. *Id.* at 112.

Following the unauthorized treatment, Ms. Rouillier filed a Petition for Benefit Determination seeking a second opinion and additional medical treatment. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Ms. Rouillier filed a Request for Expedited Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2015), and this Court heard the matter on March 11, 2016.

During the Expedited Hearing Ms. Rouillier asserted Dr. Duncan misdiagnosed her condition and opined an inappropriate MMI date. She asserted entitlement to past and ongoing treatment with Dr. Williams because of Dr. Duncan's misdiagnosis.[2] She asserted both of the panels Hallmark provided for a second opinion were inappropriate because one contained Dr. Duncan, and a choice from the other would have caused issues with childcare. Thus, she continued her request for a second opinion.

Hallmark asserted during the Expedited Hearing that Dr. Duncan's diagnosis and MMI date were correct. It contended it had provided Ms. Rouillier two physician panels for second opinions, but she refused to choose from the panels. It further asserted it is not responsible for payment of any authorized medical treatment.

## Findings of Fact and Conclusions of Law

Ms. Rouillier has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Ms. Rouillier need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At this Expedited Hearing, Ms. Rouillier has the burden to come forward with sufficient evidence from which the trial

---

[2] The issues concerning the correctness of the Dr. Duncan's diagnosis, the MMI date, and payment for past and ongoing medical treatment were not listed on the Dispute Certification Notice. The Court will not consider those issues.

court can determine that she is likely to prevail at a hearing on the merits. *Id.*

Ms. Rouillier requests a second opinion, given her continued pain and Dr. Duncan's determination that she reached MMI. Tennessee Code Annotated section 50-6-204(a)(3)(C) (2015) governs second opinions. It states in relevant part:

> When the treating physician or chiropractor refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician or chiropractor from a panel of two (2) physicians practicing in the same specialty as the physician who recommended the surgery . . . the employee's decision to obtain a second opinion shall not alter the previous selection of the treating physician or chiropractor.

The statute requires a treating physician or chiropractor to refer the injured worker for a second opinion before the worker becomes entitled to same; otherwise, there is no statutory right to a second opinion.

In this case, Ms. Rouillier established by evidence Doctor's Care made a referral for orthopedic evaluation. She is entitled, therefore, to a second opinion. Hallmark provided two panels. One panel contained Dr. Duncan, who has already seen Ms. Rouillier. It appears to the Court that the panel containing Dr. Matthew Wood and Dr. Jim Brasfield is the appropriate panel from which Ms. Rouillier may choose a physician for a second opinion.

Because Ms. Rouillier has come forward with sufficient evidence from which this Court may conclude she is likely to prevail at a hearing on the merits, her request for additional medical benefits in the form of a second opinion is granted.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Rouillier's request for a second opinion is granted. She shall choose Dr. Matthew Wood or Dr. Jim Brasfield and return the choice of physician form to Hallmark. Hallmark shall schedule the second opinion with the chosen physician.

2. This matter is set for an Initial (Scheduling) Hearing on April 19, 2016, at 10:30 a.m. Eastern Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the

4

seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED this the 17th day of March, 2016.**

_____
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be

5

made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Ms. Rouillier's affidavit;
2. Medical Records: Doctor's Care for March 23, 2015;
3. Original Panel of Physicians;
4. Medical Records: Dr. Duncan for April 17, 2015;
5. Medical Records: Doctor's Care March 23, 2015;
6. First Panel of Physicians for Second Opinion;
7. Second Panel of Physicians for Second Opinion;
8. Wage Statement;
9. Employer's Cumulative Medical Records; and,
10. Employee's Cumulative Medical Records.

Technical Record:[3]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Pre-Hearing Order

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 17th day of March, 2016.

| Name | Certified Mail | Email | Service Sent to: |
|------|----------------|-------|------------------|
| Rebecca Rouillier, Self-Represented | X | X | 1546 Rocky Hollow Road Jonesborough, TN 37659 becca.rouillier@gmail.com |
| Eric Shen, Esq. | | X | eric.shen@libertymutual.com |

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

8